IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3023-F

| KARL A. TANKSLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **ORDER** |
| v. | ) |  |
|  | ) |  |
| WILSON COUNTY DETENTION CENTER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

On January 22, 2014, Plaintiff, a pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading

contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Corn. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The only Defendant named by Plaintiff is the Wilson County Detention Center. However, actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No. 2000 WL 20591, 203 F.3d 821, **1 (4th Cir. 2000); see also Moore v. City of Asheville, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing claims against city police department for lack of capacity), aff'd, 396 F.3d 385 (4th Cir. 2005). Because the Wilson County Detention Center is not a person, it is not a proper party to a § 1983 action. Flores v. Henderson Cnty. Det. Ctr., No. 107CV120-01-MU, 2007 WL 1062973, at *1 (W.D.N.C. Apr. 4, 2007) (stating that "a county detention center is not a proper party to a § 1983 claim").

Moreover, Plaintiff contends that unnamed employees of the Wilson County Detention Center misplaced mail that was sent to him on or about October 30, 2013. Compl. [DE-1], p. 3. However, isolated incidents[1] of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430–31 (8th Cir. 1997) (holding that isolated, inadvertent

---

[1] Plaintiff raised similar claims in Tanksley v. Wilson County Detention Center, 5:12-CT-3225-F. In that case, as here, Plaintiff failed to name a proper defendant. Even when his complaints are considered together, Plaintiff has only described isolated incidents of mail mishandling or opening, and he has not sufficiently alleged any actual injury.

2

instances of legal mail being opened outside of an inmate's presence are not actionable); Pearson v. Simms, 345 F.Supp.2d 515, 519 (D. Md. 2003) aff'd, 88 F. App'x 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983). Furthermore, to the extent the mail at issue was legal mail, which may not be opened outside of the presence of the prisoner-addressee, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974), to state a claim for a constitutional violation, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350-54 (1996); Buie v. Jones, 717 F.2d 925, 926 (4th Cir.1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct . . . were not of constitutional mandate"). To show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Casey, 518 U.S. at 353 (footnote omitted); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Plaintiff's allegations fall far short of this standard. Thus, Plaintiff's claims are without merit.

For these reasons, the matter is DISMISSED as frivolous, and the Clerk of Court is DIRECTED to close the case.

SO ORDERED, this the 5 day of November 2014.

James C. Fox
Senior United States District Judge

3